1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

         Respondent,

    v.

HAIYING FAN,

         Movant.

No. 2:09-cr-66-GEB-EFB P

FINDINGS AND RECOMMENDATIONS

    Movant, proceeding without counsel, has filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. ECF Nos. 229, 236. She argues that she was wrongly convicted of misprision of a felony because the elements of the crime "never existed." ECF No. 229 at 2, 35. She also appears to challenge a decision by California's Bureau of Real Estate to deny reinstatement of her real estate broker license. *See generally id.* For the following reasons, the court recommends that the motion be summarily dismissed.

    Pursuant to a written plea agreement, movant pleaded guilty to a single count of Misprision of a Felony in violation of 18 U.S.C. § 4. ECF No. 162. She also waived her rights to appeal her conviction and sentence, and agreed not to contest her conviction or sentence under sections 2255 or 2241. *Id.*; Rough Transcript of August 10, 2012 Change of Plea Proceedings ("Plea Tr.") On March 22, 2013, movant was sentenced to imprisonment for one month, a term of supervised release of twelve months, a $2,500 fine, and a $100 special assessment. ECF Nos. 204 and 207.

1

1    Section 2255 allows a prisoner in federal custody to move the sentencing court to vacate,

2    set aside or correct the sentence if she claims the right to be released upon any of the following

3    four grounds: 1) the sentence was imposed in violation of the Constitution or laws of the United

4    States; 2) the court was without jurisdiction to impose such sentence; 3) the sentence was in

5    excess of the maximum authorized by law; or 4) is otherwise subject to collateral attack.  28

6    U.S.C. § 2255(a).  Under § 2255(b) and Rule 4(b) of the Rules Governing Section 2255

7    Proceedings, the court must review all motions and summarily dismiss a motion if it is plain from

8    the motion, files, and records, that the movant is not entitled to relief.  Thus, when a motion fails

9    to state a claim upon which relief can be granted or is otherwise frivolous, the district court may

10   summarily dismiss the motion.  *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989);

11   *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).  "[T]he facts in a habeas petition

12   need not be so detailed as to establish *prima facie* entitlement to habeas relief; they are sufficient

13   if they suggest the real possibility that constitutional error has been committed."  *Calderon v.

14   United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996).  A petitioner "who is able to state

15   facts showing a real possibility of constitutional error should survive Rule 4 review."  *Id.*  The

16   court must "construe *pro se* habeas filing liberally."  *Laws v. Lamarque*, 351 F.3d 919, 924 (9th

17   Cir. 2003).

18   Here, it is plain from the pleadings that the movant is not entitled to relief and the motion

19   must be denied.

20   A criminal defendant may expressly waive her right to file a Section 2255 motion to

21   challenge her sentence.  *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000).  In this case,

22   movant's plea agreement states as follows:

23       The defendant understands that the law gives her a right to appeal her
24       conviction and sentence.  She agrees as part of her plea, however, to give up the
         right to appeal the conviction and the right to appeal any aspect of the sentence
25       imposed in this case.

26       Regardless of the sentence she receives, the defendant also gives up any
27       right she may have to bring a post-appeal attack on her conviction or sentence.
         She specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241
28       attacking her conviction or sentence.

1    ECF No. 162 at 6-7.  Movant also agreed to these terms in open court at the change of plea

2    hearing.  Plea. Tr.  The court specifically found that movant had knowingly and voluntarily

3    entered the plea, that she understood the nature of the charges and the consequences of her plea,

4    and that there was a factual basis for the plea. *Id.*

5         The Ninth Circuit has noted that the "proper enforcement of appeal waivers serves an

6    important function in the judicial administrative process by preserving the finality of judgments

7    and sentences imposed pursuant to valid plea agreements."  *United States v. Baramdyka*, 95 F.3d

8    840, 843 (9th Cir. 1996) (internal quotations and citation omitted).  "Generally, courts will

9    enforce a defendant's waiver of his right to appeal if (1) the language of the waiver encompasses

10   the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly

11   and voluntarily made."  *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998)

12   (internal quotations and citations omitted).  Both of these requirements are met in this case

13   because (1) movant waived her right to appeal and expressly waived her right to contest her

14   conviction and sentence under section 2255; and (2) movant agreed that the waiver of those rights

15   was knowing and voluntary.  ECF No. 162 at 6-7, 9; Plea Tr.[1]  On March 22, 2013, seven months

16   after signing the plea agreement, movant informed the district judge that she "would like to have

17   [appeal rights]," ECF No. 219 at 24, but did not and does not now assert that her August 10, 2012

18   waiver was involuntary or that she did not understand it.[2]  *See* ECF No. 229.  Accordingly,

19   movant's motion is barred and subject to dismissal because of the waiver in her plea agreement.

20        Even if movant had not waived her right to attack her conviction and sentence, her motion

21   must be denied for additional reasons.  Although movant asserts that she was wrongly convicted

22   of misprision of a felony because the elements of the crime "never existed," the motion and the

23   _____

24        [1] The court may determine that a defendant knowingly and voluntarily agreed to a plea
     agreement's waiver provision based on a review of the record of the change of plea proceeding.

25   *United States v. Jeronimo*, 398 F.3d 1149, 1154-55 (2005).

26        [2] Even if she had, such a claim would not be properly before this court unless movant had
     first raised the issue on direct appeal.  *See Bousley v. United States*, 523 U.S. 614, 621 (1998)

27   ("the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if
     first challenged on direct review. Habeas review is an extraordinary remedy and will not be

28   allowed to do service for an appeal." (internal quotations and citations omitted)).

1  record do not state facts or cite to legal authority showing a real possibility of constitutional error

2  in this regard.   In addition, movant's apparent challenge to a decision by California's Bureau of

3  Real Estate to deny reinstatement of her real estate broker license is not a legally cognizable

4  ground for relief.  *See Marrow v. United States*, 772 F.2d at 526 (holding that dismissal is proper

5  if the "allegations viewed against the record . . . fail to state a claim for relief . . . .").

6       For these reasons, IT IS HEREBY RECOMMENDED that movant's § 2255 motion (ECF

7  Nos. 229, 236) be summarily dismissed and that the Clerk be directed to terminate the companion

8  civil case, 2:15-cv-02277-GEB.

9       These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

11  after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

14  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

15  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

16  Dated:  June 9, 2016.

17

18  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28